NIMMONS, Judge.
This is an appeal from a compensation order denying further medical treatment and finding that claimant had reached maximum medical improvement (MMI) on August 3, 1982. We reverse.
Appellant stepped in a hole in her employer’s parking lot on June 24, 1982, and pulled tendons and muscles of her leg. She was treated at the emergency room by Dr. Schlumbrecht who diagnosed a partial rupture of the right medical gastrocnemius muscle.
Appellant went to a company doctor, Dr. Ruane, who recommended that she follow Dr. Schlumbrecht’s advice of staying off the leg. After four or five visits, Dr. Ruane released her to return to work on July 19. Claimant was paid temporary total disability benefits to July 19.
On the day she was to return to work, claimant became ill and was seen by an associate of Dr. Ruane. She was diagnosed as suffering from acute gastritis, an illness which, of course, was unrelated to her employment. After returning home, she went to bed. On one of her emergency visits to the bathroom, she hurt her leg again and had to crawl to the bathroom. Claimant remained at home and her daughter called the employer on July 21 to advise as to claimant’s illness. She was informed that claimant was terminated since the employer had heard nothing from the claimant for two days.[1]
The employer/carrier declined appellant’s request for further medical treatment for her leg. However, a representative of the carrier did arrange for an evaluation by Dr. Townsend, an orthopedic surgeon, on August 3, 1982. Dr. Townsend opined that appellant had a partial tear of the gastrocnemius muscle and a probable rupture of the small tendon associated with the plantaris muscle which comes across the back of the calf, and that when she was running to the bathroom on July 19, she again put stress on her leg and aggravated it. Although he said he thought her injury had “healed” by the time he saw her on August 3, he recognized that she was continuing to experience painful symptoms which he attributed to scar formation as a result of the injury. He said that she should fully recover with no permanent impairment. However, he said that it would be at least three months from the July 19 aggravation before she could expect full recovery. He further said that she was, at that time, unable to engage in work activities requiring standing or walking for long periods of time. Clearly, Dr. Townsend’s testimony is not supportive of *1116 the deputy’s finding that appellant had reached MMI on August 3, 1982, the date on which appellant was evaluated by Dr. Townsend.
The employer/carrier argue that Dr. Schlumbrecht’s testimony supports the inference that the appellant had already recovered from her employment-related leg injury when the July 19 incident occurred at her home. Dr. Schlumbrecht, who testified that she specialized in emergency medicine, had not seen appellant since the emergency room examination on June 24. Dr. Schlumbrecht recognized that the injury sustained by appellant on June 24 was the type of injury susceptible to further injury before healing fully. The employer/carrier seize upon Dr. Schlumbrecht’s testimony that the normal healing period for the condition she diagnosed on June 24 is two to six weeks. Even if the testimony of Dr. Schlumbrecht were regarded as competent substantial evidence to support a finding that the appellant had already fully recovered by the time of the July 19 incident and that her subsequent leg problems were, therefore, not related to the June 24 accident, the fact is that the deputy implicitly found to the contrary by reason of his finding that appellant did not reach MMI until August 3. And, certainly, there was competent substantial evidence to support that implicit finding that the appellant had still not recovered from her June 24 injury when she aggravated or exacerbated[2] her leg injury.
Although, contrary to the deputy’s finding, the record demonstrates that appellant had not yet reached MMI on August 3, 1983, we are unable to say from this record when MMI was reached. Accordingly, on remand the deputy will conduct further proceedings to determine that issue and, if necessary, receive additional evidence.
Further, we agree with appellant that the deputy erred in denying the appellant’s claim for further medical treatment.
Reversed and Remanded for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ., concur.

. It was the employer's policy, of which claimant was aware, that if an employee is absent for two days and fails to call in, the company regards the employee as having voluntarily terminated. Although the personnel director testified that there was no record of it, claimant said that her daughter called in for her on Monday, July 19.

. Dr. Schlumbrecht used, interchangeably, “aggravated" and "exacerbated” in describing the effect which the July 19 incident she acknowledged may have had on the appellant’s leg injury.